Mr. Justice Clayton
delivered the opinion of the court.
This is the samé case reported in 6 S. & M. 404. The case was then reversed, because of an error in the charge of the court below. The jury had been in effect told, “that the written agreement of 10th December, 1842, between the parties, had *41 discharged the trust deed, under which Fultz claimed.” After the cause,went back, upon the next trial, the defendant, House, proved, by Hurst, the grantor in the deed of trust, that from the spring of 1843, he had abandoned all hope of being able to pay his debts; that he then filed his petition, and obtained his discharge in bankruptcy, and that from that time he had considered the negroes in controversy to be the property of Enloe. That there was no new contract between them, but that Enloe, at the end of the year, and after the sale of the negroes under the execution, had demanded hire for them, which the witness paid; and that the demand of payment, and the adjustment of the amount, was made in the presence, and with the consent and assistance of the plaintiff, Fultz, the trustee.
This evidence goes beyond the testimony adduced upon the first trial, in this, that it shows that Enloe likewise considered the negroes as his own, and that Fultz, the trustee and thereby the agent of both parties, assented to this view of the subject. The agreement of 10th of December, 1842, did not of itself discharge the deed of trust, yet that agreement, connected with the subsequent conduct of the parties, might- very well have that effect. That is the point presented in this record. Did all the parties, grantors, grantee and trustee, regard the deed of trust as at an end, and consider' the property as revested in Enloe ? If 'so, nothing more was wanting. The deed of trust had discharged its office, and was at an end.
On this trial, the court charged the jury, at the instance of the defendant, “ that if they believed, that, by the terms of the compromise of 10th December, 1842, Enloe was to release the deed of trust on condition the negroes in suit were delivered to Enloe on 2oth December, 1842; and if they also believe that Enloe claimed the negroes as his own, and collected hire for them from Hurst, from the 10th of December, 1842, up to the time of their sale in the fall of 1843, with the knowledge and assent of the plaintiff; then the law was for the defendant.
The jury found for the plaintiff, but looking to this charge, it is not easy to see on what ground the verdict was placed, because not only did the evidence establish the facts on which the *42 charge was predicated, but there was no opposing evidence. The solution may perhaps be found in the instructions, given at the request of the plaintiff. In one of these, the jury was told, “ that unless the property was vested in Enloe by some agreement or contract subsequent to the deed of trust, and written agreement exhibited in testimony, the property was not subject to the judgment against Enloe and Hurst, and they must find for the plaintiff.” This is directly opposed to the charge above set out, as given for the defendant.
The performance of the agreement of the 10th of December, 1842, was as sufficient to vest the title in Enloe, as any new agreement would have been. And if the property was either delivered to him, or held by Hurst for him with his consent, or if he ratified such holding by the receipt of hire for the time from which his consent would be implied, the property was vested in him; not, it is true, by the agreement itself, but by the conduct of the parties under it. As the instruction under consideration lays down a different rule, and seems to require another contract or agreement, instead of the execution or performance of the contract of 10th December, 1842, and as it stands opposed to the correct charge, given at the instance of the defendant, it is erroneous.
The remaining charge given for the plaintiff — “that unless the jury believe that the stipulations of the written contract exhibited by the defendant were substantially complied with as to the negroes, by Hurst, the deed of trust was not released, and the title is still in the plaintiff; ” was in accordance with the view of the law here laid down.
There was not only uncontradicted evidence of a substantial compliance, but of that which was accepted as compliance and performance by both the creditor and trustee. Hurst had abandoned his claim and held for Enloe. The trust was satisfied, its object attained, the agreement substantially performed, and we do not see how the jury found the verdict they did, unless they were misled by the first of the charges, given at the instance of the plaintiff
The case of Brown v. Bartee, 10 S. & M. 268, relates to real *43 estate. In that kind of property, some memorandum in writing is necessary to pass the title. Hence, it was held that the naked legal title remained in the trustee, until conveyed by him, notwithstanding the grantor in the deed of trust might have conveyed all his interest. But no writing is necessary to pass title to personal property; and where the grantor, the grantee, and the trustee, all agree that the deed of trust shall be considered as discharged, and the property vested in the grantor, proof of that fact will put an end to the deed of trust, and as between the parties, pass the title of the property, according to the terms of the agreement. The bona fides of the transaction, and its bearing upon the rights of other creditors, is a question not now presented.
It is objected, that it was not shown in .the court below, that the judgment on which the execution issued, under which the negroes were purchased by House, was founded upon notice. This judgment was read without objection or exception in that court, and we shall not entertain such objection raised here, and not upon the trial below.
The judgment is reversed, and the cause remanded for a new trial, in accordance with this opinion.